# Exhibit Q



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

James M. Catterson
Tel: +1.212.858.1048
james.catterson@pillsburylaw.com

February 24, 2026

**Via USPS and Email**

Daniel A. Johnston, Esq.
djohnston@thewillislawgroup.com
The Willis Law Group, PLLC
1985 Forest Lane
Garland, Texas 75042

Justine Barbieri, Esq.
jbarbieri@thewillislawgroup.com
The Willis Law Group, PLLC
60 Broadhollow Road
Melville, New York 11747

> **Re:** **United States of America ex rel. Tradesman Program Managers, LLC v. Liakas Law, P.C. et al., Case No. 1:25-cv-02859-JAV**

Dear Counsel:

We write on behalf of Defendants Liakas Law. P.C. (the "Firm"), Dean N. Liakas, Stephen J. Liakas, and Nicholas Liakas (collectively with the Firm, "Liakas Law") in the above-referenced matter to provide notice, pursuant to Federal Rule of Civil Procedure 11(c)(2), that Liakas Law intends to move for sanctions against Tradesman Program Managers, LLC ("Tradesman") and The Willis Law Group PLLC ("Willis Law") within 21 days.  Liakas Law's motion for sanctions and accompanying memorandum of law are attached to this letter, pursuant to Rule 11(c)(2).

In short, Tradesman and Willis Law have abused the judicial process by, among other things, filing a lawsuit they knew could not succeed for the purpose of targeting Liakas Law.  Indeed, Willis has brought at least twelve substantively identical civil RICO complaints against various law firms and medical providers, all alleging the same scheme in the same geographic region during the same time period. This action is simply another iteration of that coordinated effort, designed to inflict reputational harm on Liakas Law through the filing of a meritless complaint. As described in more detail below, the Complaint was filed for an improper purpose, the

Daniel A. Johnston, Esq.
Justine Barbieri, Esq.
The Willis Law Group, PLLC

February 24, 2026
Page 2

legal claims are not warranted by existing law, and the factual contentions lack any evidentiary support.  For these reasons, the Complaint (ECF No. 6) violates Rule 11(b) and Willis Law is obligated to withdraw it.

First, Willis Law failed to conduct the reasonable inquiry required by Rule 11. The Complaint in this action is not the product of a reasonable pre-filing investigation. See Sherman v. Graves, No. 24 24 CIV. 8494 (AT), 2025 WL 1558476, at *2 (S.D.N.Y. June 2, 2025), reconsideration denied, No. 24 CIV. 8494 (AT), 2026 WL 84471 (S.D.N.Y. Jan. 12, 2026); see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009).  The sheer lack of unsubstantiated allegations in the Complaint belies any notion that Willis Law conducted any inquiry into the facts, let alone a reasonable one.  The Complaint is devoid of the particular facts required under Rule 9(b) for a fraud-based claim.  In addition, even a cursory review of the False Claims Act ("FCA") would have revealed that this action is squarely barred by the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4).

Second, the Complaint was filed for an improper purpose in violation of Rule 11(b)(1).  Courts are permitted to look "outside of litigation" to determine whether "there is an ulterior motive behind [a] lawsuit."  An v. Despins, No. 22-CV-10062 (VEC), 2023 WL 4931832, at *6 (S.D.N.Y. Aug. 2, 2023).  Here, the pattern and surrounding conduct show that this case was not filed to be adjudicated; it was filed to be leveraged.  That Tradesman and Willis Law have repeatedly invoked federal fraud statutes (most notably the FCA and civil RICO) against personal injury law firms and medical providers is indicative of an ulterior motive: to inflict reputational and economic pressure regardless of ultimate merit.[1]  Indeed, two of Willis Law's RICO actions were recently dismissed with prejudice.[2]

---

[1] See Roosevelt Road, Re, Ltd. et al. v. Hajjar et al., No. 1:24-cv-1549-NG-LB (E.D.N.Y. Mar. 1, 2024); Roosevelt Road, Re, Ltd. et al. v. Wingate Russotti, Shapiro, Moses & Halperin, LLP et al., No. 1:24-cv-6259-NCM-VMS (E.D.N.Y. Sep. 6, 2024); Ionian Re, LLC, v. Gorayeb & Associates, P.C. et al., No. 1:24-cv-07098-RPK-PK (E.D.N.Y. Oct. 8, 2024); Ionian Re, LLC et al. v. Cedillo, et al., No. 1:24-cv-7969-DG-JRC (E.D.N.Y. Nov. 15, 2024); Roosevelt Road Re, Ltd., v. Subin et al., No. 1:24-cv-05033-HG (E.D.N.Y. Nov. 26, 2024); Roosevelt Road Re, Ltd., et al. v. Liakas Law, P.C. et al., No. 1:25-cv-00300-ENV-RML (E.D.N.Y. Jan. 17, 2025); Union Mutual Fire Insurance Company v. Liakas Law, P.C., et al., No. 1:25-cv-01857-FB-CHK (E.D.N.Y. Apr. 3, 2025); Union Mutual Fire Insurance Company v. Subin Associates, LLP et al., No. 1:25-cv-02652-OEM-CLP (E.D.N.Y. May 12, 2025); Roosevelt Road, Re, Ltd. et al. v. William Schwitzer & Associates P.C. et al., No. 1:25-cv-3386-NKE (E.D.N.Y. Jun. 16, 2025); Merchants Mutual Insurance Co. v. William Schwitzer & Associates, P.C., et al., No. 1:25-cv-5859 (E.D.N.Y. Oct. 20, 2025); Greater New York Mutual Insurance Company v. Liakas Law, P.C., et al., No. 1:26-cv-00450 (E.D.N.Y. Jan. 27, 2026); Greater New York Insurance Company v. Subin Associates, LLP, et al., No. 1:26-cv-00470-CBA-VMS (E.D.N.Y. Jan. 27, 2026).

[2] Roosevelt Rd. Re, Ltd. v. William Schwitzer, No. 1:25-cv-03386-BMC, 2026 WL 457063 (E.D.N.Y. Feb. 18, 2026), ECF No. 122; Roosevelt Rd. Re, Ltd. v. Subin, No. 1:24-CV-05033 (HG), 2025 WL 3049937 (E.D.N.Y. Sept. 16, 2025).

Daniel A. Johnston, Esq.
Justine Barbieri, Esq.
The Willis Law Group, PLLC

February 24, 2026
Page 3

The very existence of the instant lawsuit—and a materially identical *qui tam* lawsuit Tradesman and Willis Law filed against Elefterakis Elefterakis & Panek, P.C. and its principals on the very same day[3] (the "Elefterakis Qui Tam")—confirms they are interested in escalating their campaign of lawfare, not adjudicating the action on its merits.  Willis Law attorney Daniel A. Johnston's unsuccessful request to re-seal the Elefterakis Qui Tam docket reveals as much: he asked to re-seal it because he understood that the pattern of filings would raise suspicions of "intentional conduct." See Elefterakis Qui Tam, ECF No. 5.

Third, Tradesman's claims are substantively implausible and factually unsupported, in violation of Rule 11(b)(2) and (b)(3).  The Complaint was "destined to fail based on facts and existing precedent."  O'Malley v. New York City Transit Auth., 896 F.2d 704, 706 (2d Cir. 1990).  The Complaint is squarely prohibited by the public disclosure bar, as supported by longstanding precedent.  See, e.g., Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson, 559 U.S. 280, 285–86 (2010); Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1477 (2d Cir. 1995); U.S. ex rel. Doe v. John Doe Corp., 960 F.2d 318, 319 (2d Cir. 1992); Fed. Deposit Ins. Corp. v. Fifth Third Bank, N.A., 651 F. Supp. 3d 722, 725–26 (S.D.N.Y. 2023), aff'd, No. 23-209-CV, 2023 WL 7130553 (2d Cir. Oct. 30, 2023).  That defect did not deter Willis Law.

Even if the public disclosure bar did not prohibit the Complaint, the allegations themselves are patently insufficient, as they are based on nothing but conjecture.  In advancing allegations regarding the Firm's liquidity after loan applications were submitted, the Complaint ignores case law holding that actions after obtaining loans have no bearing on an inference of falsity. See United States ex rel. Gurion v. Guff, No. 18 CIV. 4304 (KPF), 2024 WL 3344673, at *8 (S.D.N.Y. July 8, 2024).  In fact, the Complaint alleges on its face that the loan certifications attest to "current" economic uncertainty, Compl. ¶¶ 48, 63.  These claims were such clear losers that they should have not been filed in the first place—but Willis Law did anyway.  See Toussaint v. NY Dialysis Servs., Inc., 230 F. Supp. 3d 198, 223 (S.D.N.Y.), aff'd, 706 F. App'x 44 (2d Cir. 2017).

\* \* \*

In light of the material and incurable defects in the Complaint—defects that would have been apparent had Willis Law undertaken even a minimal pre-filing inquiry—it is incontrovertible that Willis Law failed to conduct the reasonable inquiry required by Rule 11.  Willis Law and Tradesman are therefore on notice that these claims cannot be maintained in good faith.  Accordingly, please confirm, within

---

[3] United States of America, ex rel. Tradesman Program Managers, LLC v. Elefterakis Elefterakis & Panek, P.C. et al., Case No. 25-cv-02853-JMF (S.D.N.Y. Apr. 25, 2025).

Daniel A. Johnston, Esq.
Justine Barbieri, Esq.
The Willis Law Group, PLLC

February 24, 2026
Page 4

21 days, that Willis Law will voluntarily dismiss the Complaint.  Absent such
confirmation, Liakas Law will move for sanctions under Rule 11 and any other
applicable statute, rule, or authority.

Sincerely,

James M. Catterson

Encl.