UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>EX REL.</u> TRADESMAN PROGRAM MANAGERS, LLC,<br><br>          Plaintiff,<br><br>  - against -<br><br>LIAKAS LAW, P.C., DEAN N. LIAKAS, STEPHEN J. LIAKAS, and NICHOLAS LIAKAS,<br><br>          Defendants. | 1:25-cv-02859-JAV<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS LIAKAS LAW, P.C., DEAN N. LIAKAS, STEPHEN J. LIAKAS, AND NICHOLAS LIAKAS' MOTION FOR SANCTIONS**

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
James M. Catterson
Brianna S. Walsh
Sarah M. Madigan
31 West 52nd Street
New York, NY 10019-6131
Phone: 212.858.1000
Fax:    212.858.1500
james.catterson@pillsburylaw.com
brianna.walsh@pillsburylaw.com
sarah.madigan@pillsburylaw.com

*Attorneys for Defendants Liakas Law, P.C., Dean N. Liakas, Stephen J. Liakas, and Nicholas Liakas*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 4

    A.   Relator and Willis Law ............................................................................... 4

    B.   Relator and Willis Law Also Received PPP Funds ............................................. 6

    C.   Procedural History ...................................................................................... 8

ARGUMENT ........................................................................................................................ 8

   POINT I  SANCTIONS ARE WARRANTED PURSUANT TO RULE 11 ........................ 8

    A.   Legal Standard .......................................................................................... 8

    B.   Willis Law Failed to Conduct the Reasonable Inquiry Required by Rule 11.... 10

    C.   Relator's Complaint Was Filed for the Improper Purpose of Wielding a Federal Fraud Statute to Stigmatize Liakas Law. ............................................. 11

    D.   Relator's Claims Are Substantively Implausible, Factually Unsupported, and Could Not Have Been Advanced in Good Faith................................................. 14

    E.   Relator's and Willis Law's Misuse of Federal Fraud Statutes Has Harmed Liakas and Demonstrates the Need for Deterrence............................................ 15

   POINT II  RELATOR AND WILLIS LAW SHOULD BE SANCTIONED PURSUANT TO THE COURT'S INHERENT POWER ......................................... 16

    A.   Legal Standard ........................................................................................ 16

    B.   Relator and Willis Law Have Engaged in Bad Faith Abuse of the Judicial Process. ................................................................................................... 17

   POINT III  WILLIS LAW SHOULD BE REQUIRED TO PAY LIAKAS LAW'S ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927 ....................................... 18

    A.   Legal Standard ........................................................................................ 18

    B.   Willis Law Unreasonably and Vexatiously Multiplied These Proceedings. ..... 18

CONCLUSION.................................................................................................................... 19

## TABLE OF AUTHORITIES

Page(s)

Cases

In re 60 E. 80th St. Equities, Inc.,
  218 F.3d 109 (2d Cir. 2000)...................................................................................16

An v. Despins,
  No. 22-CV-10062 (VEC), 2023 WL 4931832 (S.D.N.Y. Aug. 2, 2023) ................................11

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
  579 F.3d 143 (2d Cir. 2009).....................................................................................9

Chambers v. NASCO, Inc.,
  501 U.S. 32 (1991).................................................................................................16

Charles v. Levitt,
  No. 15 CIV. 9334 (PAE), 2016 WL 3982514 (S.D.N.Y. July 21, 2016), aff'd and
  remanded, 716 F. App'x 18 (2d Cir. 2017)...................................................................12

Colliton v. Cravath, Swaine & Moore LLP,
  No. 08 CIV 0400 (NRB), 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008), aff'd, 356 F.
  App'x 535 (2d Cir. 2009) .......................................................................................12

U.S. ex rel. Doe v. John Doe Corp.,
  960 F.2d 318 (2d Cir. 1992)....................................................................................14

Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.,
  996 F. Supp. 2d 282 (S.D.N.Y. 2013)........................................................................15

Fed. Deposit Ins. Corp. v. Fifth Third Bank, N.A.,
  651 F. Supp. 3d 722 (S.D.N.Y. 2023), aff'd, No. 23-209-CV, 2023 WL 7130553 (2d
  Cir. Oct. 30, 2023) ...............................................................................................14

Flycatcher Corp. Ltd v. Affable Avenue, LLC d/b/a CJ Dist,
  No. 24 CIV. 9429 (KPF), 2026 WL 306683 (S.D.N.Y. Feb. 5, 2026)............................16, 17

Gold v. Morrison-Knudsen Co.,
  68 F.3d 1475 (2d Cir. 1995)....................................................................................14

Gong v. Sarnoff,
  No. 23-CV-343 (LJL), 2023 WL 5372473 (S.D.N.Y. Aug. 22, 2023)................................13

Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson,
  559 U.S. 280 (2010)..............................................................................................14

ii

United States ex rel. Gurion v. Guff,
No. 18 CIV. 4304 (KPF), 2024 WL 3344673 (S.D.N.Y. July 8, 2024) ...................................15

Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.,
991 F.3d 361 (2d Cir. 2021)...........................................................................................................17

Kamen v. Am. Tel. & Tel. Co.,
791 F.2d 1006 (2d Cir. 1986)........................................................................................................10

Katzman v. Victoria's Secret Catalogue,
167 F.R.D. 649 (S.D.N.Y. 1996), aff'd sub nom. Katzman v. Victoria's Secret
Catalogue, Div. of The Ltd., Inc., 113 F.3d 1229 (2d Cir. 1997) ............................................12

U.S. ex rel. Kester v. Novartis Pharms. Corp.,
43 F. Supp. 3d 332 (S.D.N.Y. 2014), overruled on other grounds by Univ. Health
Servs., Inc. v. United States ex rel. Escobar, 579 U.S. 176 (2016) .........................................14

Lawrence v. Richman Grp. of CT LLC,
620 F.3d 153 (2d Cir. 2010)...........................................................................................................8

LiveVideo.AI Corp. v. Redstone,
No. 24-CV-6290 (DEH) (BCM), 2025 WL 2933706 (S.D.N.Y. Aug. 12, 2025), report
and recommendation adopted sub nom. Livevideo.AI Corp v. Redstone, No. 24 CIV.
6290 (DEH), 2025 WL 2778110 (S.D.N.Y. Sept. 30, 2025)..................................................9, 16

N.Y. Mar. & Gen. Ins. Co., et al. v. Subin Assocs., LLP, et al.,
Index No. 151766/2026 (Sup. Ct. N.Y. Cnty. Feb. 9, 2026) ....................................................13

O'Malley v. New York City Transit Auth.,
896 F.2d 704 (2d Cir. 1990)........................................................................................................9, 14

Omni Healthcare Inc. v. U.S. Oncology, Inc.,
No. 23-1334-CV, 2024 WL 4751635 (2d Cir. Nov. 12, 2024), cert. denied, 145 S. Ct.
2704 (2025)......................................................................................................................................14

Pentagen Techs. Int'l Ltd. v. United States,
172 F. Supp. 2d 464 (S.D.N.Y. 2001), aff'd, 63 F. App'x 548 (2d Cir. 2003)........................18

United States v. Prevezon Holdings, Ltd.,
305 F. Supp. 3d 468 (S.D.N.Y. 2018)..........................................................................................17

United States of America, ex rel. Rajson Investigations, LLC v. Caesar, Napoli & Spivak
PLLC f/k/a Caesar and Napoli, P.C., No. 1:25-cv-03798-JGK (S.D.N.Y. May 7,
2025) ..................................................................................................................................................6

Ransmeier v. Mariani,
718 F.3d 64 (2d Cir. 2013)............................................................................................................16

Roadway Exp., Inc. v. Piper,
   447 U.S. 752 (1980)..................................................................................................18

Roosevelt Rd. Re, Ltd. v. Subin,
   No. 1:24-CV-05033 (HG), 2025 WL 3049937 (E.D.N.Y. Sept. 16, 2025)............................13

S. Pac. Shipping Co. Inc. v. Redi-Fresh Produce, Inc.,
   No. 14 CIV. 4157 LAK AJP, 2014 WL 6968039 (S.D.N.Y. Dec. 9, 2014).....................11, 15

Sherman v. Graves,
   No. 24 CIV. 8494 (AT), 2025 WL 1558476 (S.D.N.Y. June 2, 2025), reconsideration
   denied, No. 24 CIV. 8494 (AT), 2026 WL 84471 (S.D.N.Y. Jan. 12, 2026)............................9

Sorenson v. Wolfson,
   170 F. Supp. 3d 622 (S.D.N.Y. 2016), aff'd, 683 F. App'x 33 (2d Cir. 2017)........................18

Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,
   682 F.3d 170 (2d Cir. 2012).......................................................................................14

Toussaint v. NY Dialysis Servs., Inc.,
   230 F. Supp. 3d 198 (S.D.N.Y.), aff'd, 706 F. App'x 44 (2d Cir. 2017).................................14

Statutes and Codes

United States Code
   Title 28, Section 1927....................................................................................1, 18, 19
   Title 31, Section 3730(e)(4)..........................................................................................11

New York Judiciary Law
   Section 487.................................................................................................................13

Patient Protection and Affordable Care Act
   Public Law No. 111-148, 124 Stat. 119, 901-02 (Mar. 23, 2010) ...........................................14

Rules and Regulations

Federal Rules of Civil Procedure
   Rule 9(b) .................................................................................................................2, 11
   Rule 11 .............................................................................................................. passim
   Rule 11(b) ...............................................................................................................8, 9
   Rule 11(b)(1).......................................................................................................8, 11, 13
   Rule 11(b)(2).......................................................................................................8, 14, 15
   Rule 11(b)(3)........................................................................................................8, 15
   Rule 11(c)(1) ..............................................................................................................9
   Rule 11(c)(4)..........................................................................................................9, 15

Defendants Liakas Law, P.C., Dean N. Liakas, Stephen J. Liakas, and Nicholas Liakas (hereinafter collectively referred to as "Liakas Law"), by and through their attorneys, Pillsbury Winthrop Shaw Pittman LLP, respectfully submit this memorandum of law in support of their motion for sanctions against Tradesman Program Managers, LLC (hereinafter referred to as "Relator") and its counsel The Willis Law Group (hereinafter referred to as "Willis Law"), pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and 28 U.S.C. § 1927.

## PRELIMINARY STATEMENT

This motion seeks sanctions against Relator and its counsel for abusing the judicial process by filing a case they knew could not succeed solely to target Liakas Law. Since March 2024, Relator and Willis Law have brought twelve complaints against different combinations of law firms and medical providers alleging violations of the Racketeer Influenced and Corrupt Organizations (hereinafter referred to as "RICO") Act. Every one of the RICO actions alleges the *same* fraud scheme, the *same* enterprise structure, in the *same* geographic area, during the *same* time period. This pattern of serial, copy-paste litigation is not zealous advocacy. It is a calculated effort by a law firm and its clients to impose reputational damage through the mere filing of suit and to "break the financial back" of the defendants they target:



1

The instant lawsuit is yet another effort by Relator and Willis Law to discredit and burden Liakas Law with federal fraud allegations, this time through a *qui tam* claim under the False Claims Act (hereinafter referred to as the "FCA"). Relator, through Willis Law, now claims that it "discovered" a "fraud" perpetrated by Liakas Law related to funds paid under the Paycheck Protection Program (hereinafter referred to as "PPP") during the COVID-19 pandemic. As set forth in detail in Liakas Law's motion to dismiss the Complaint (ECF No. 6), see ECF No. 19, the action is frivolous because it is both legally foreclosed and factually implausible.

First, it is plainly barred by the FCA's prohibition on using prior public disclosures as the basis for a *qui tam* action, because its substance was publicly disclosed prior to the filing of this lawsuit. Second, even were Relator's FCA claim permitted (it is not), it falls woefully short of the heightened particularity standard for fraud-based claims under Federal Rule of Civil Procedure 9(b). Third, the Complaint comes nowhere close to plausibly alleging that Liakas Law violated the FCA by knowingly making a materially false claim to the government.

But Relator and Willis Law filed suit anyway.

The Complaint's glaring defects, coupled with the timing of its filing reveal its true purpose: this case was never intended to withstand scrutiny. Relator and Willis Law have no genuine interest in litigating the merits to judgment. Their sole objective is to stigmatize Liakas Law through the mere act of filing suit. Willis Law attorney Daniel A. Johnston, who signed the Complaint here, effectively conceded as much after a court dismissed one of their RICO complaints without prejudice, a dismissal that was later converted to one with prejudice. He touted that any disposition in favor of defendants would be a "pyrrhic victory":

2

Rule 11 exists to prevent precisely this type of abuse. It requires counsel to conduct a reasonable pre-filing inquiry and prohibits the assertion of claims that are legally untenable, factually unsupported, or interposed for an improper purpose. Willis Law violated each of those obligations here.

The surrounding circumstances underscore that improper purpose. Remarkably, a podcast by the "iFraud Foundation" had obtained a copy of the previously sealed Complaint and prepared an episode analyzing its allegations, which was released *immediately* upon unsealing.[1] The timing raises serious additional questions about coordination and intent, and further confirms that this lawsuit was designed to generate publicity and reputational harm rather than to adjudicate a legitimate dispute.

Dismissal alone will not deter this conduct. Sanctions, including an award of attorneys' fees and costs, are necessary to vindicate Rule 11's deterrent purpose.

---

[1] See Declaration of Brianna S. Walsh, dated February 24, 2026, and filed contemporaneously herewith (hereinafter referred to as the "Walsh Declaration"), Exhibits ("Ex.") A–C.

3

**STATEMENT OF FACTS**

A.      **Relator and Willis Law**

Relator is an entity purportedly involved in providing "administrative, investigative and support services" for workers' compensation and personal injury claims. See Roosevelt Road Re, Ltd., et al. v. Liakas Law, P.C., et al., No. 1:25-cv-00300-RML (E.D.N.Y. Jan. 17, 2025), ECF No. 1 (hereinafter referred to as the "Roosevelt Road Compl.") ¶ 91. Willis Law, led by Kirk Willis, also represents Relator and other plaintiffs in at least twelve RICO actions filed since March 1, 2024 in the Eastern District of New York, asserting materially identical fraud schemes against various law firms, including Liakas Law, and medical providers.[2] Of these, Relator is a plaintiff in five, and a combination of the Firm, Dean Liakas, and Nicholas Liakas are defendants in three. Two of Willis Law's RICO actions were recently dismissed with prejudice,[3] and in several of the RICO actions, Willis Law filed voluntary dismissals of claims as to multiple

---

[2] See Roosevelt Road, Re, Ltd. et al. v. Hajjar et al., No. 1:24-cv-1549-NG-LB (E.D.N.Y. Mar. 1, 2024) (hereinafter referred to as "Hajjar"); Roosevelt Road, Re, Ltd. et al. v. Wingate Russotti, Shapiro, Moses & Halperin, LLP et al., No. 1:24-cv-6259-NCM-VMS (E.D.N.Y. Sep. 6, 2024); Ionian Re, LLC, v. Gorayeb & Associates, P.C. et al., No. 1:24-cv-07098-RPK-PK (E.D.N.Y. Oct. 8, 2024); Ionian Re, LLC et al. v. Cedillo, et al., No. 1:24-cv-7969-DG-JRC (E.D.N.Y. Nov. 15, 2024); Roosevelt Road Re, Ltd., v. Subin et al., No. 1:24-cv-05033-HG (E.D.N.Y. Nov. 26, 2024); Roosevelt Road Re, Ltd., et al. v. Liakas Law, P.C. et al., No. 1:25-cv-00300-ENV-RML (E.D.N.Y. Jan. 17, 2025); Union Mutual Fire Insurance Company v. Liakas Law, P.C., et al., No. 1:25-cv-01857-FB-CHK (E.D.N.Y. Apr. 3, 2025); Union Mutual Fire Insurance Company v. Subin Associates, LLP et al., No. 1:25-cv-02652-OEM-CLP (E.D.N.Y. May 12, 2025); Roosevelt Road, Re, Ltd. et al. v. William Schwitzer & Associates P.C. et al., No. 1:25-cv-3386-NKE (E.D.N.Y. Jun. 16, 2025); Merchants Mutual Insurance Co. v. William Schwitzer & Associates, P.C., et al., No. 1:25-cv-5859 (E.D.N.Y. Oct. 20, 2025); Greater New York Mutual Insurance Company v. Liakas Law, P.C., et al., No. 1:26-cv-00450 (E.D.N.Y. Jan. 27, 2026); Greater New York Insurance Company v. Subin Associates, LLP, et al., No. 1:26-cv-00470-CBA-VMS (E.D.N.Y. Jan. 27, 2026).

[3] Roosevelt Rd. Re, Ltd. v. William Schwitzer, No. 1:25-cv-03386-BMC, 2026 WL 457063 (E.D.N.Y. Feb. 18, 2026); Roosevelt Rd. Re, Ltd. v. Subin, No. 1:24-CV-05033 (HG), 2025 WL 3049937 (E.D.N.Y. Sept. 16, 2025).

defendants.[4]

This lawsuit was filed during Willis Law's barrage of RICO actions. At the time it was filed, Willis Law had already initiated one RICO case against Liakas Law. It would bring another *just two days* after signing the Complaint in this case. But that, apparently, also wasn't enough for Willis Law: it filed *yet another* RICO complaint less than two weeks after the government declined to intervene and the docket in this case was unsealed.

Underscoring Relator and Willis Law's pattern of vexatious filings is the fact that, on the very same day they initiated this action, they filed a materially similar *qui tam* lawsuit against the Individual Defendants' relatives and their personal injury law firm. See United States of America, ex rel. Tradesman Program Managers, LLC v. Elefterakis Elefterakis & Panek, P.C. et al., No. 25-cv-02853-JMF (S.D.N.Y. Apr. 25, 2025) (hereinafter referred to as the "Elefterakis Qui Tam"). That case likewise alleged that those defendants submitted fraudulent claims to the government when they applied for and received PPP loans during the COVID-19 pandemic. See Elefterakis Qui Tam, ECF No. 3. Further evidence of Relator and Willis Law's intent is their

---

[4] Notice of Voluntary Discontinuance, Hajjar, 1:24-cv-01549-NG-CHK (E.D.N.Y. July 19, 2024), ECF No. 77; Notice of Voluntary Dismissal, Hajjar, 1:24-cv-01549-NG-CHK (E.D.N.Y. Aug. 20, 2024), ECF No. 81; Notice of Voluntary Dismissal, Hajjar, 1:24-cv-01549-NG-CHK (E.D.N.Y. Feb. 18, 2025), ECF No. 123; Notice of Voluntary Dismissal, Hajjar, 1:24-cv-01549-NG-CHK (E.D.N.Y. Sep. 12, 2025), ECF No. 175; Notice of Voluntary Dismissal, Hajjar, 1:24-cv-01549-NG-CHK (E.D.N.Y. Jan. 15, 2026), ECF No. 188; Notice of Voluntary Dismissal, Wingate, No. 1:24-cv-006259-NCM-VMS (E.D.N.Y. Sep. 12, 2025), ECF No. 154; Notice of Voluntary Dismissal, Gorayeb, No. 1:24-cv-07098-WFK-PK (E.D.N.Y. July 25, 2025), ECF No. 99; Stipulation of Dismissal, Union Mutual v. Subin, No. 1:25-cv-02652-OEM-PCG (E.D.N.Y. Aug. 4, 2025), ECF No. 109; Notice of Voluntary Dismissal, Union Mutual v. Subin, No. 1:25-cv-02652-OEM-PCG (E.D.N.Y. Sep. 19, 2025), ECF No. 181; Stipulation of Dismissal, Union Mutual v. Subin, No. 1:25-cv-02652-OEM-PCG (E.D.N.Y. Oct. 31, 2025), ECF No. 209; Notice of Voluntary Dismissal, Roosevelt Road Re, Ltd. v. William Schwitzer, No. 1:25-cv-03386-BMC (E.D.N.Y. Sep. 12, 2025), ECF No. 53; Notice of Voluntary Dismissal, Roosevelt Road Re, Ltd. v. William Schwitzer, No. 1:25-cv-03386-BMC (E.D.N.Y. Nov. 7, 2025), ECF No. 108; Stipulation of Dismissal, Union Mutual v. Liakas Law, No. 1:25-cv-01857-FB-CHK (E.D.N.Y. Feb. 13, 2026).

attempt to re-seal the case after voluntarily dismissing it following the Government's decision not to intervene, which resulted in the Complaint being unsealed. See id., ECF Nos. 2, 5, 7. In seeking to re-seal the matter, a request the court denied, Willis Law attorney Daniel A. Johnston cited "serious concerns that the optics of this sequence of events will be misconstrued and presented as intentional conduct in the course of unrelated litigations." Id., ECF Nos. 5, 6.

There is nothing to misconstrue. Filing a copy-paste *qui tam* action against another tort firm on the same day as this case, after flooding the Eastern District with twelve copy-paste RICO complaints against different combinations of the same parties, is intentional conduct by definition. The only remaining question is why.

To date, we have identified a third FCA lawsuit that Willis Law filed against attorneys. See United States of America, ex rel. Rajson Investigations, LLC v. Caesar, Napoli & Spivak PLLC f/k/a Caesar and Napoli, P.C., No. 1:25-cv-03798-JGK (S.D.N.Y. May 7, 2025), ECF No. 7. Again, the United States declined to intervene. Id., ECF No. 6. Because FCA complaints remain under seal unless and until the Government declines intervention and the court orders them unsealed, the full scope of Willis Law's filings is not presently knowable. There may be others. If so, that would be entirely consistent with a strategy aimed not at prevailing on the merits, but at multiplying proceedings to "break the financial back" of perceived litigation adversaries.

B.     **Relator and Willis Law Also Received PPP Funds**

Relator alleges that the Firm received two rounds of PPP funds, totaling $1,099,460 after forgiveness. See Complaint, ECF No. 6 (hereinafter referred to as "Compl.") ¶¶ 46, 61, 93. Relator and Willis Law obviously failed to disclose that they also received PPP funds. Willis Law was approved for two PPP loans on April 9, 2020, and March 25, 2021, totaling $993,400,

both of which were forgiven as of December 1, 2021.[5] Relator applied for a PPP loan on April 28, 2020. It received $566,900, and $573,035 was forgiven on June 11, 2021.[6]

At least three entities that share an owner with Ionian Re LLC, one of the plaintiffs in two of the RICO lawsuits filed by Willis Law,[7] also applied for and received PPP loans. Ionian Re LLC is a New York-based reinsurer led by John Kalafatis, who is affiliated with Andromeda Advantage Inc. (hereinafter referred to as "Andromeda"), Skyline Restoration, Inc. (hereinafter referred to as "Skyline Restoration), and Spring Scaffolding, LLC (hereinafter referred to as "Spring Scaffolding").[8] Andromeda was approved for a $1,265,400 PPP loan on April 10, 2020, and $1,278,817 was forgiven.[9] Skyline Restoration was approved for a $1,016,352 first-round PPP loan on April 15, 2020, and $1,023,842 was forgiven.[10] It was also approved for a $1,016,352 second-round PPP loan on January 26, 2021, and $1,025,290 was forgiven.[11] Spring Scaffolding was approved for a $334,348 first-round PPP loan on April 14, 2020, and $337,105 was forgiven.[12] It was approved for a $334,347 second-round PPP loan on February 8, 2021, and $337,104 was forgiven.[13] As noted in Liakas Law's motion to dismiss, the exact same speculative fraud claims could be laid against each of these companies simply for applying for and receiving PPP loans. See ECF Nos. 18–19.

---

[5] See Walsh Declaration, Exs. D–E.

[6] See Walsh Declaration, Ex. F.

[7] See Ionian Re, LLC, v. Gorayeb & Associates, P.C. et al., No. 1:24-cv-07098-RPK-PK (E.D.N.Y. Oct. 8, 2024); Ionian Re, LLC et al. v. Cedillo, et al., No. 1:24-cv-7969-DG-JRC (E.D.N.Y. Nov. 15, 2024).

[8] See Roosevelt Road Compl. ¶¶ 5, 340; Walsh Declaration, Exs. G–I.

[9] See Walsh Declaration, Ex. J.

[10] See Walsh Declaration, Ex. K.

[11] See Walsh Declaration, Ex. L.

[12] See Walsh Declaration, Ex. M.

[13] See Walsh Declaration, Ex. N.

### C.    Procedural History

The Complaint is dated April 1, 2025, and the case was opened on April 7, 2025. See ECF No. 1. On February 12, 2026, Liakas Law moved to dismiss on three independent grounds, ECF No. 19. On February 24, 2026, Liakas, by and through its attorneys, served Plaintiffs and Willis Law with a letter pursuant to Rule 11 explaining why Relator's claim was without merit and demanding that Relator withdraw its Complaint in this action (hereinafter referred to as the "Rule 11 Letter").[14] The Rule 11 Letter attached a draft of this motion. Id. As of the filing of this motion, Relator has not agreed to withdraw the Complaint as to Liakas Law.

## ARGUMENT

### POINT I

### SANCTIONS ARE WARRANTED PURSUANT TO RULE 11

### A.    Legal Standard

Under Rule 11(b), each attorney who signs a pleading and submits it to the court certifies the following:

> [A]fter an inquiry reasonable under the circumstances: (1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)–(3); see also Lawrence v. Richman Grp. of CT LLC, 620 F.3d 153, 156 (2d Cir. 2010).

To avoid the risk of sanctions, "attorneys have a duty to undertake reasonable inquiry to ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any

---

[14] See Walsh Declaration, Ex. O.

8

improper purpose." Sherman v. Graves, No. 24 CIV. 8494 (AT), 2025 WL 1558476, at *2

(S.D.N.Y. June 2, 2025), reconsideration denied, No. 24 CIV. 8494 (AT), 2026 WL 84471

(S.D.N.Y. Jan. 12, 2026); see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150

(2d Cir. 2009). "[I]f it is clear that the action was destined to fail based on the facts and existing

precedent, and where no reasonable argument could be advanced to change or extend the present

law," sanctions are appropriate. O'Malley v. New York City Transit Auth., 896 F.2d 704, 706

(2d Cir. 1990).[15]

     "If, after notice and a reasonable opportunity to respond, the court determines that

Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law

firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Under Rule 11, courts may impose non-monetary directives (e.g., issuing admonitions, requiring

additional education, striking papers, making disciplinary referrals) and monetary sanctions (e.g.,

court fines, attorneys' fees). See Fed. R. Civ. P. 11(c)(4). In fashioning an appropriate remedy,

courts consider, among other things, whether the conduct was willful, was part of a pattern, and

was repeated in other litigation. See LiveVideo.AI Corp. v. Redstone, No. 24-CV-6290 (DEH)

(BCM), 2025 WL 2933706, at *15 (S.D.N.Y. Aug. 12, 2025), report and recommendation

adopted sub nom. Livevideo.AI Corp v. Redstone, No. 24 CIV. 6290 (DEH), 2025 WL 2778110

(S.D.N.Y. Sept. 30, 2025).

     Sanctions are mandated here because Willis Law failed to conduct any reasonable inquiry

(see infra Point I.B), the Complaint was filed for the improper purpose of chilling advocacy (see

infra Point I.C), and Plaintiffs' allegations lack any legal or factual foundation (see infra

---

[15] All emphasis and alterations herein are added, and all internal quotation marks, alterations, and case citations are omitted, unless otherwise noted.

Point I.D). Further, even though not required by Rule 11, the consequences of Willis Law's conduct are not merely hypothetical; Liakas Law has already been harmed by Willis Law's actions (see *infra* Point I.E).

### B.      Willis Law Failed to Conduct the Reasonable Inquiry Required by Rule 11.

The Complaint in this action is not the product of a reasonable pre-filing investigation. Rule 11 imposes an affirmative duty on counsel to conduct a reasonable inquiry into both the facts and the law before filing suit and to reassess those positions as litigation proceeds. Willis Law did neither.

In analyzing whether an attorney conducted a reasonable inquiry under Rule 11, courts consider "such factors as how much time for investigation was available" to counsel, whether counsel "had to rely on a client for information as to the facts underlying the pleading, motion, or other paper," "whether the pleading, motion, or other paper was based on a plausible view of the law," and whether counsel "depended on forwarding counsel or another member of the bar." Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1012 (2d Cir. 1986).

Here, nothing suggests that Willis Law assumed the matter from any prior counsel or faced any exigency requiring immediate filing. To the contrary, Willis Law was under no time pressure to file the Complaint whatsoever. The PPP loans at issue were issued in 2020 and 2021 and forgiven by mid to late 2021. Notably, Relator and Willis themselves obtained substantial PPP loans during that same period. Yet this action was not filed until years later. The substantial gap between forgiveness of the loans and commencement of suit underscores that there was no rush to the courthouse and ample time to conduct a meaningful factual and legal investigation.

Nor did Willis Law need to rely exclusively on its client-supplied information, as the substance of the allegations in the Complaint is drawn from publicly available materials. These factors weigh in favor of sanctions for the "clearly deficient inquiry as to the facts underlying"

10

the FCA claim. See S. Pac. Shipping Co. Inc. v. Redi-Fresh Produce, Inc., No. 14 CIV. 4157 LAK AJP, 2014 WL 6968039, at *9 (S.D.N.Y. Dec. 9, 2014).

In addition, the sheer lack of substantiated allegations in the Complaint belies any notion that Willis Law conducted any inquiry into the facts, let alone a reasonable one. The Complaint is devoid of particular facts required under Rule 9(b) for a fraud-based claim: Relator cannot identify the speaker of the allegedly false statements submitted to the federal government, where and when they were made, and why they were fraudulent. Relator offers the *ipse dixit*, with no factual basis, that Liakas Law had access to sufficient funds from contingency fees from successful litigation outcomes to cover its entire overhead, such that Liakas Law had no need for the PPP loans.

Willis Law also failed to conduct a reasonable inquiry into the governing law. Even a cursory review of the FCA by counsel would have revealed that this action is squarely barred by the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4). Filing a *qui tam* complaint foreclosed on its face by an express statutory bar is not zealous advocacy; it is sanctionable conduct. Willis Law should be sanctioned for bringing a statutorily barred lawsuit grounded in nothing more than rank speculation.

C. **Relator's Complaint Was Filed for the Improper Purpose of Wielding a Federal Fraud Statute to Stigmatize Liakas Law.**

Rule 11(b)(1) prohibits filings made for an improper purpose, including those intended to harass, cause unnecessary expense, or exert pressure unrelated to the merits of the claims asserted. A court may infer improper purpose where, "in light of [a party's] conduct during and outside of litigation, a complaint is so baseless as to suggest that there is an ulterior motive behind the lawsuit." An v. Despins, No. 22-CV-10062 (VEC), 2023 WL 4931832, at *6 (S.D.N.Y. Aug. 2, 2023). Courts further consider whether the conduct is part of a broader pattern

and whether similar tactics have been employed in other litigation. See Colliton v. Cravath, Swaine & Moore LLP, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *12 (S.D.N.Y. Sept. 24, 2008), aff'd, 356 F. App'x 535 (2d Cir. 2009). Here, the pattern and surrounding conduct show that this case was not filed to be adjudicated; it was filed to be leveraged.

Relator and Willis Law's choice of statutes makes the intended leverage obvious. Relator and Willis Law repeatedly invoke federal fraud statutes (most notably the FCA and civil RICO) against personal injury law firms and medical providers who represent and treat injured individuals. Those accusations are uniquely stigmatizing: the filing itself predictably inflicts reputational and economic pressure regardless of ultimate merit. See Charles v. Levitt, No. 15 CIV. 9334 (PAE), 2016 WL 3982514, at *8 (S.D.N.Y. July 21, 2016), aff'd and remanded, 716 F. App'x 18 (2d Cir. 2017) ("Rule 11 is particularly important in [RICO] cases because commencement of a civil RICO action has an almost inevitable stigmatizing effect on those named as defendants.").

The very existence of the instant suit and the Elefterakis Qui Tam confirms Willis Law is interested in escalating its campaign of lawfare, not adjudicating an action on its merits. Willis Law launched both actions on the same day, after having already filed seven "thermonuclear" RICO lawsuits in the preceding thirteen months. See Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), aff'd sub nom. Katzman v. Victoria's Secret Catalogue, Div. of The Ltd., Inc., 113 F.3d 1229 (2d Cir. 1997). And these cases were only a step in the escalation: Willis Law filed five additional RICO lawsuits in the nine months that followed,

12

including two others against Liakas Law. There can be no dispute that Relator and Willis Law had no purpose other than tarnishing reputations through these voluminous filings.[16]

Willis Law's response to the recently unsealed Elefterakis Qui Tam docket further demonstrates its ulterior motive. Willis Law understood that the existence of the Elefterakis Qui Tam would raise suspicions of "intentional conduct" and, by asking to re-seal the docket, revealed its goal: to conceal from the Court a pattern of vexatious and harassing litigation. Elefterakis Qui Tam, ECF No. 5.

Courts may consider such conduct in the totality of circumstances when assessing improper purpose. See Gong v. Sarnoff, No. 23-CV-343 (LJL), 2023 WL 5372473, at *14 (S.D.N.Y. Aug. 22, 2023) (finding "the history of lawsuits [counsel] have filed in this Court and elsewhere" that are "unmistakably directed at parties and lawyers" involved in client's underlying litigations and "contain similar allegations and similarly frivolous claims" led to the "inescapable conclusion" that counsel was "targeting those with interests opposed to [their client] with the aim of chilling what they perceive as advocacy against [their client,]" which was evidence of improper, harassing purpose of lawsuit). Viewed collectively, this conduct confirms that the reputational and economic pressure, not success on the merits, was the intended result. Relator and Willis Law's use of the federal courts and federal fraud statutes as leverage rather than vehicles for adjudication is an improper purpose that warrants sanctions under Rule 11(b)(1) and confirms that dismissal alone will not deter this conduct.

---

[16] Consistent with this conduct, after losing one of its RICO cases in federal court against another set of defendants, see Roosevelt Rd. Re, Ltd. v. Subin, No. 1:24-CV-05033 (HG), 2025 WL 3049937 (E.D.N.Y. Sept. 16, 2025), Willis Law brought suit in state court against certain of the same defendants, claiming violations of, *inter alia*, New York State Judiciary Law § 487, for "deceitful, collusive, and otherwise violative conduct." N.Y. Mar. & Gen. Ins. Co., et al. v. Subin Assocs., LLP, et al., Index No. 151766/2026 (Sup. Ct. N.Y. Cnty. Feb. 9, 2026), NYSCEF Doc. No. 1, ¶ 1.

   **D.     Relator's Claims Are Substantively Implausible, Factually Unsupported, and
           Could Not Have Been Advanced in Good Faith.**

Relator's claims are not merely weak or debatable; they are substantively implausible and factually unsupported, in violation of Rule 11(b)(2) and (b)(3). Rule 11 sanctions are appropriate where, as here, an action was "destined to fail based on facts and existing precedent, and where no reasonable argument could be advanced to change or extend the present law." O'Malley, 896 F.2d at 706. Courts further approve sanctions where, as here, "the claim is so clearly a loser that it is in the interest of justice to deter future plaintiffs and attorneys from prosecuting similar ones." Toussaint v. NY Dialysis Servs., Inc., 230 F. Supp. 3d 198, 223 (S.D.N.Y.), aff'd, 706 F. App'x 44 (2d Cir. 2017); Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 177–78 (2d Cir. 2012).

The Complaint was destined to fail under the FCA's public disclosure bar. See *supra* Point I.B. Longstanding precedent, including from the Supreme Court and Second Circuit, articulates this clear-cut statutory prohibition. See, e.g., Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson, 559 U.S. 280, 286 (2010); Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1477 (2d Cir. 1995); U.S. ex rel. Doe v. John Doe Corp., 960 F.2d 318, 319 (2d Cir. 1992); Fed. Deposit Ins. Corp. v. Fifth Third Bank, N.A., 651 F. Supp. 3d 722, 725–26 (S.D.N.Y. 2023), aff'd, No. 23-209-CV, 2023 WL 7130553 (2d Cir. Oct. 30, 2023).[17]

---

[17] Although the public disclosure bar was amended in 2010 by the Patient Protection and Affordable Care Act, Pub. L. 111-148, § 10104(j)(2), 124 Stat. 119 (Mar. 23, 2010) (hereinafter referred to as the "2010 Amendment"), "under both the pre- and post-2010 versions of the statute, courts assess whether the allegations in a *qui tam* complaint are 'substantially the same' as or 'substantially similar' to the allegations of fraud contained in the public disclosures in question." U.S. ex rel. Kester v. Novartis Pharms. Corp., 43 F. Supp. 3d 332, 346 (S.D.N.Y. 2014), overruled on other grounds by Universal Health Servs., Inc. v. United States, 579 U.S. 176 (2016).  Thus, the 2010 Amendment "did not alter the bar's applicability." Omni Healthcare Inc. v. U.S. Oncology, Inc., No. 23-1334-CV, 2024 WL 4751635, at *2 n.2 (2d Cir. Nov. 12, 2024), cert. denied, 145 S. Ct. 2704 (2025).  For that reason, "[p]re-[2010 Amendment] cases . . .

As discussed *supra*, even if the public disclosure bar did not prohibit Relator from filing suit, the Complaint is patently insufficient. Its allegations regarding the Firm's liquidity after the applications were submitted are based on nothing but conjecture. Moreover, in advancing them, the Complaint ignores case law holding that actions after obtaining the loans have no bearing on an inference of falsity. See United States ex rel. Gurion v. Guff, No. 18 CIV. 4304 (KPF), 2024 WL 3344673, at *8 (S.D.N.Y. July 8, 2024) (holding that allegations "implicat[ing] conduct happening after the original loan disbursement" do not support an inference of false claims). In fact, the Complaint alleges on its face that the PPP certifications attest to firms' "*current*" economic uncertainty, betraying its own speculative allegations of the Firm's post-loan economic health. Compl. ¶¶ 48, 63 (emphasis added). These claims were such clear losers that they should not have been filed in the first place—but Willis Law did anyway.

Because the Complaint lacked evidentiary support and legal viability from the outset, sanctions are independently warranted against Willis Law under Rule 11(b)(2) and (b)(3) and against Relator under Rule 11(b)(3). See S. Pac. Shipping Co. Inc., 2014 WL 6968039, at *9. ("[B]oth a represented party and his attorney can be sanctioned under Rule 11(b)(3) for the factual insufficiency of a complaint.").

### E.     Relator's and Willis Law's Misuse of Federal Fraud Statutes Has Harmed Liakas and Demonstrates the Need for Deterrence.

Rule 11 is not only remedial but serves as a deterrent. See Fed. R. Civ. P. 11(c)(4). Its purpose is to protect litigants and the courts from abusive filings that impose unjustified costs and collateral consequences, particularly where dismissal alone has proven insufficient to curb the conduct at issue. While Rule 11 does not require a showing of harm, the concrete and

---

remain instructive as to whether the Complaint's allegations and the disclosed material are substantially the same." Ping Chen ex rel. U.S. v. EMSL Analytical, Inc., 996 F. Supp. 2d 282, 297 n.11 (S.D.N.Y. 2013).

foreseeable consequences of Relator's and Willis Law's conduct demonstrate why sanctions are necessary to deter repetition.

After being branded a racketeer under federal law, removed from union referral lists, losing established referral relationships, and facing competitors invoking the mere existence of the RICO actions to solicit its clients, see Affirmation of Dean Liakas (hereinafter referred to as the "Liakas Aff."), now Liakas Law must incur additional costs to defend yet another meritless, stigmatizing action spearheaded by Willis Law. See LiveVideo.AI Corp., 2025 WL 2933706, at *19 (imposing monetary sanction where court found, *inter alia*, "the misconduct of plaintiff and its counsel infects the entire case," counsel "engaged in similar conduct in other litigation," and "the sanctionable conduct has imposed significant costs and burdens on defendants"). Rule 11 exists to stop this type of conduct before it becomes the norm, and Rule 11 sanctions are therefore necessary. Liakas Law also requests that the Court order Willis Law to disclose the number of sealed *qui tam* actions against law firms it has filed that are pending in this District or the Eastern District of New York.

## POINT II

### RELATOR AND WILLIS LAW SHOULD BE SANCTIONED PURSUANT TO THE COURT'S INHERENT POWER

#### A.    Legal Standard

In addition to Rule 11 sanctions, the court has "inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Ransmeier v. Mariani, 718 F.3d 64 (2d Cir. 2013) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991)). A court "can infer bad faith where the action is 'completely without merit.'" Flycatcher Corp. Ltd v. Affable Avenue, LLC d/b/a CJ Dist, No. 24 CIV. 9429 (KPF), 2026 WL 306683, at *12 (S.D.N.Y. Feb. 5, 2026) (quoting In re 60 E. 80th St. Equities, Inc., 218 F.3d 109,

16

116 (2d Cir. 2000)). A court's inherent power allows it to impose monetary sanctions against a litigant or its counsel for misconduct, see Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd., 991 F.3d 361, 367 (2d Cir. 2021), as well as terminal sanctions by "enter[ing] default judgment against the offending party," Flycatcher Corp. Ltd., 2026 WL 306683, at *11. In considering whether to impose terminal sanctions, courts generally weigh five factors:

> (i) whether the misconduct was the product of intentional bad faith; (ii) whether and to what extent the misconduct prejudiced the injured party; (iii) whether there is a pattern of misbehavior rather than an isolated instance; (iv) whether and when the misconduct was corrected; and (v) whether further misconduct is likely to occur in the future.

Id. Awards "made under the court's inherent power may be made against an attorney, a party, or both." United States v. Prevezon Holdings, Ltd., 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018).

### B. Relator and Willis Law Have Engaged in Bad Faith Abuse of the Judicial Process.

For all the reasons set forth above, the Court should exercise its inherent power to sanction Relator and Willis Law by imposing monetary and terminal sanctions against them. Their bad faith can be inferred from the utter lack of merit in the Complaint, coupled with their deliberate pattern of "intentional conduct." See supra Points I.B.–I.D.

Terminal sanctions are also merited here. Willis Law's misconduct is the product of a pattern of intentional bad faith to stigmatize Liakas Law, which has in fact prejudiced Liakas Law. See Liakas Aff. Willis Law did not withdraw its claims after being presented with Liakas Law's Rule 11 Letter, and its misconduct is likely to occur in the future, given its history of voluminous filing of federal fraud suits.

Accordingly, the Court should exercise its inherent power to sanction Relator and Willis Law to prevent further abuse of the judicial process.

## POINT III

## WILLIS LAW SHOULD BE REQUIRED TO PAY LIAKAS LAW'S ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927

### A.    Legal Standard

"An attorney. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with limiting the abuse of court processes." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 762 (1980). The decision to issue sanctions under Section 1927 lies within this Court's discretion. See Sorenson v. Wolfson, 170 F. Supp. 3d 622, 634 (S.D.N.Y. 2016), aff'd, 683 F. App'x 33 (2d Cir. 2017). Like sanctions under the Court's inherent power, Section 1927 requires the additional showing of subjective bad faith, which "can be inferred when an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." Pentagen Techs. Int'l Ltd. v. United States, 172 F. Supp. 2d 464, 473 (S.D.N.Y. 2001), aff'd, 63 F. App'x 548 (2d Cir. 2003).

### B.    Willis Law Unreasonably and Vexatiously Multiplied These Proceedings.

As described above, although this is currently the only pending unsealed *qui tam* case filed by Willis Law against Liakas Law, this action is just one of the latest tactics deployed by Willis Law in a long line of efforts to multiply proceedings against Liakas Law and similarly situated defendants. This conduct vexatiously multiplied the proceedings within the meaning of § 1927. Willis Law's subjective bad faith can be inferred from its facially deficient Complaint. See *supra*, Points I.B. & I.D. Willis Law's conduct is nothing more than abuse of the judicial

18

process. Accordingly, Willis Law should be required to satisfy the attorneys' fees and expenses Liakas Law incurred as a result of that conduct.

## CONCLUSION

For the foregoing reasons, Liakas Law respectfully requests that the Court impose monetary sanctions against Relator and Willis Law jointly and severally under Federal Rule of Civil Procedure 11 and under the Court's inherent power, non-monetary sanctions under Rule 11 in the form of an order requiring Willis Law to disclose the number of sealed *qui tam* actions against law firms it has filed that are pending in this District or the Eastern District of New York, impose terminal sanctions against Relator and Willis Law by dismissing this case under the Court's inherent power, require Willis Law to pay Liakas Law's attorneys' fees and costs under 28 U.S.C. § 1927, and order further relief as the Court deems just and proper.

Dated:  February 24, 2026
       New York, New York

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:_____
James M. Catterson
Brianna S. Walsh
Sarah M. Madigan
31 West 52nd Street
New York, NY 10019-6131
Phone: 212.858.1000
Fax:    212.858.1500
james.catterson@pillsburylaw.com
brianna.walsh@pillsburylaw.com
sarah.madigan@pillsburylaw.com

*Attorneys for Defendants Liakas Law, P.C.,*
*Dean N. Liakas, Stephen J. Liakas, and*
*Nicholas Liakas*

19

## <u>WORD COUNT CERTIFICATION</u>

Pursuant to Local Civil Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York and Rule 5(A) of the Honorable Jeannette A. Vargas' Individual Rules and Practices in Civil Cases, I, James M. Catterson, certify that the foregoing Memorandum of Law in Support of Defendants' Motion for Sanctions complies with the word limit, as it contains 5,815 words, exclusive of the caption, table of contents, table of authorities, signature blocks, and required certificates, based on Microsoft Word's word-processing software.

Dated: February 24, 2026
New York, New York

_____
James M. Catterson

20

**CERTIFICATE OF SERVICE**

I, James M. Catterson, hereby certify that, pursuant to Fed. R. Civ. P. 5(b), on February 24, 2026, I served a true and correct copy of the above to counsel for Tradesman Program Managers, LLC, The Willis Law Group, PLLC, via email to djohnston@thewillislawgroup.com and to jbarbieri@thewillislawgroup.com and by mailing it via FedEx Overnight service to The Willis Law Group PLLC, 1985 Forest Ln, Garland, TX 75042 and to The Willis Law Group PLLC, 60 Broadhollow Rd., Melville, NY 11747.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2026
New York, New York

_____
James M. Catterson

21